UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

    JON CHRISTOPHER EVANS,                                     CASE NO. 09-03763-NPO

    DEBTOR.                                                            CHAPTER 7

JOINTLY ADMINISTERED WITH RELATED CASES

| | |
|---|---|
| DEREK A. HENDERSON, TRUSTEE<br>FOR THE BANKRUPTCY ESTATE OF<br>JON CHRISTOPHER EVANS AND<br>JOINTLY ADMINISTERED RELATED<br>CASES | PLAINTIFF |
| V. | ADV. PROC. NO. 10-00005-NPO |
| COMMUNITY BANK OF MISSISSIPPI,<br>ET AL. | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO ALTER OR
AMEND OPINION AND ORDER [#388] ON MOTION OF FIRST SECURITY BANK
FOR PARTIAL SUMMARY JUDGMENT AND MISSISSIPPI VALLEY TITLE
INSURANCE COMPANY AND OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter came before the Court for hearing on January 23, 2012, (the "Hearing") on: (1) the Motion to Alter or Amend Opinion and Order [#388] on Motion of First Security Bank for Partial Summary Judgment and Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company's Cross-Motion for Partial Summary Judgment (the "FSB Motion") (Adv. Dkt. 397) and the Memorandum of First Security Bank in Support of Motion to Alter or Amend Opinion and Order [#388] on Motion of First Security Bank for Partial Summary Judgment and Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company's Cross-Motion for Partial Summary Judgment (the "FSB Brief") (Adv. Dkt. 398) filed by First

Security Bank ("FSB"); and (2) Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company's Response to First Security Bank's Motion to Alter or Amend Opinion and Order [Dkt. No. 388] (the "Title Cos. Response") (Adv. Dkt. 413) filed by Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company (the "Title Companies") in the above-referenced adversary proceeding (the "Adversary"). At the Hearing, Richard T. Phillips appeared on behalf of FSB, and William C. Brabec appeared on behalf of the Title Companies. At that time, the Court denied all relief from the bench. This order memorializes and supplements that bench ruling.

In the FSB Motion, FSB seeks reconsideration of the Court's Memorandum Opinion and Order on Motion of First Security Bank for Partial Summary Judgment and Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company's Cross-Motion for Partial Summary Judgment ("Opinion I")[1] (Adv. Dkt. 388) issued on December 15, 2011, in which the Court granted partial summary judgment to the Title Companies on FSB's breach of contract claims. Having reviewed the pleadings and the briefs submitted by the parties, and having considered the arguments of counsel at the Hearing, the Court finds for the reasons set forth below that the FSB Motion should be denied. The Court further finds that the Title Companies' renewed request for partial summary judgment, which they raised in the Title Cos. Response, should be denied.

**Jurisdiction**

This Court has jurisdiction over the subject matter of and the parties to this proceeding

---

[1] Opinion I is the first of six opinions issued by the Court on the same day in this Adversary. (Adv. Dkt. 388, 389, 390, 391, 392, & 393). All of the opinions addressed requests for partial summary judgment on varying claims alleged by eight different banks, including FSB, against the Title Companies.

pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(O). Notice of the FSB Motion was proper under the circumstances.

## Facts

The Court previously set forth the factual and procedural history of FSB's breach of contract claims against the Title Companies in Opinion I and will not duplicate that discussion here. Briefly stated, FSB's breach of contract claims involve two separate title insurance policies issued by the Title Companies on three parcels of land in DeSoto County, Mississippi. Because the titles to the properties were vested in entities other than as stated in the policies, FSB submitted claims under the policies. The Title Companies calculated FSB's losses under the provisions of ¶ 8(b)(ii) and paid those amounts to FSB. Paragraph 8, in its entirety, states:

> 8. DETERMINATION AND EXTENT OF LIABILITY
>
> This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy.
>
> (a) The extent of liability of the Company for loss or damage under this policy shall not exceed the least of
>     (i) the Amount of Insurance,
>     (ii) the Indebtedness,
>     (iii) the difference between the value of the Title as Insured and the value of the Title subject to the risk insured against by this policy, . . . .
>
> (b) If the Company pursues its rights under Section 5 of these Conditions [right to cure title] and is unsuccessful in establishing the Title or the lien of the Insured Mortgage, as insured,
>     (i) the Amount of Insurance shall be increased by 10%, and
>     (ii) the Insured Claimant shall have the right to have the loss or damage determined either as of the date the claim was made by the Insured Claimant or as of the date it is settled and paid.

The parties do not dispute that the amounts paid by the Title Companies represented the fair market value of each of the parcels, both as of the date the claims were made by FSB and the date the

payments were made by the Title Companies.

In the Adversary, FSB asserted cross-claims against the Title Companies for their alleged breach of the title insurance policies on the ground that the Title Companies misconstrued ¶ 8(b) as a limitation on their liability. FSB then filed a motion for partial summary judgment seeking a determination that the Title Companies breached the policies because the amounts they paid FSB did not constitute an appropriate measure of its actual losses.

In Opinion I, the Court denied FSB partial summary judgment and granted partial summary judgment in favor of the Title Companies. The Court agreed with the Title Companies that the appropriate method for calculating FSB's losses was the value of the liens at the time the claims were made or paid.

In the FSB Motion, FSB seeks reconsideration of Opinion I pursuant to Rules 52 and 59(e) of the Federal Rules of Civil Procedure, as made applicable, respectively, by Rules 7052 and 9023 of the Federal Rules of Bankruptcy Procedure. FSB contends that the Court committed manifest errors of both law and fact.

In the Title Cos. Response, the Title Companies seek reconsideration of a different opinion rendered in the Adversary on the same date, the Memorandum Opinion and Order on Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company's Motion for Summary Judgment on Insurance Contract Claims of Patriot Bank, First Alliance Bank, First State Bank and OmniBank [sic] (Adv. Dkt. 392) ("Opinion V"). The Title Companies ask the Court to amend Opinion V by granting them partial summary judgment on FSB's claims for breach of good faith and fair dealing.

**Discussion**

As an initial matter, the Court notes that the parties cite Rule 52 and/or Rule 59(e) as providing the appropriate standard of review for the relief requested in the FSB Motion. In short, Rule 52 provides for the amendment of findings and conclusions rendered in non-jury trials, and Rule 59(e) applies to motions for reconsideration of judgments that are final, that is, to judgments that are appealable within the meaning of Rule 9002 of the Federal Rules of Bankruptcy Procedure. Opinion I, however, was rendered *before* trial pursuant to Rule 56 of the Federal Rules of Civil Procedure,[2] and, moreover, does not constitute an appealable final decision because, *inter alia*, FSB's claim against the Title Companies for breach of good faith and fair dealing remains for trial. Thus, neither Rule 52 nor Rule 59(e) applies here. This is not to say that Opinion I is beyond the Court's authority to revisit. Rather, the Court may revise or set aside in its discretion any of its previous orders or decisions under Rule 54(b) of the Federal Rules of Civil Procedure.[3] Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d 1265, 1269 (5th Cir. 1986). In that regard, the standard for granting a motion to reconsider an interlocutory order under Rule 54(b) is less exacting than the relief authorized under Rule 59(e). Id. Even so, Rule 59(e) is not wholly irrelevant but provides guidance to the Court in formulating an appropriate approach to the present inquiry. In that regard, the Court will balance concerns for judicial economy against the reasons urged by FSB for altering

---

[2] Rule 56 of the Federal Rules of Civil is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

[3] Rule 54(a)-(c) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7054 of the Federal Rules of Bankruptcy Procedure. Rule 54(b) states, in pertinent part: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

Opinion I. Although the Court will treat the FSB Motion as if Rule 59(e) applied, which is how both parties presented their arguments in their court filings and at the Hearing, the Court will not limit its discretion in determining whether to revisit Opinion I to Rule 59(e) requirements.

### A. Standard of Review for Relief under Rule 59(e)

Under Rule 59(e), a final judgment may be amended if: (1) there is manifest error of law or fact; (2) newly discovered evidence exists that was unknown prior to entry of the final judgment; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) & In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)). A Rule 59(e) motion may not be used to relitigate old issues that could have been raised before entry of the judgment. Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990); Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 289 (5th Cir. 1989).

### B. Relief Requested in the FSB Motion and FSB Brief

In language demonstrating great deference and the utmost respect to the Court, FSB contends that the Court committed manifest errors of law and fact in Opinion I. A manifest error is "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004). FSB asserts that the Court committed a manifest error of *law* by failing to interpret subsection (b)(ii) of ¶ 8, known as the Unsuccessful Cure Provision, in the title insurance policies in accordance with Mississippi law. Next, FSB asserts that the Court committed a manifest error of *fact* by failing to consider evidence of a factual dispute as to whether the Title Companies properly and genuinely attempted to cure the title defects.

1.   **Manifest Error of Law**

FSB challenges the Court's holding in Opinion I that ¶ 8(b)(ii) of the title insurance policy provides two mandatory dates of valuation in the event the Title Companies unsuccessfully attempt to cure. To support its assertion that the Court committed manifest error, FSB maintains: (1) that the Court's interpretation of ¶ 8(b)(ii) is inconsistent with the general indemnity language in the title insurance policies, and (2) that the two dates in ¶ 8(b)(ii) are optional and not mandatory. FSB raised these identical arguments in its prior briefs. FSB fails to cite any law in the FSB Motion or FSB Brief demonstrating that the Court misapplied Mississippi rules of insurance contract law or that the Court's interpretation of ¶ 8(b)(ii) amounted "to a complete disregard of the controlling law." Guy, 394 F.3d at 325.

2.   **Manifest Error of Fact**

In the alternative, FSB contends that the Court committed a manifest error of fact in Opinion I by overlooking the nature of the Title Companies' failed attempts to cure the title defects, which FSB maintains were "illusory" and "frivolous." (Adv. Dkt. 398 at 7). However, FSB never disputed the fact that the Title Companies made attempts to cure and, more importantly, that these attempts triggered the provisions of ¶ 8(b). In its itemization of undisputed materials facts, FSB asserted that "[p]ursuant to the contractual rights of the Title Companies under Paragraph 5(b), Page 4, of the contracts of insurance, the Title Companies attempted to cure the defects." (Adv. Dkt. 148 at 5, ¶ 17). The Title Companies admitted this fact in their response to the above itemization. (Adv. Dkt. 211 at 5, ¶ q). Significantly, this undisputed fact is what distinguishes FSB's contract claims from the contract claims of Heritage Banking Group and is what precludes FSB from "piggy-backing" on the Court's prior trial decision entered in favor of Heritage Banking Group in a separate (but related)

adversary proceeding, G&B Investments, Inc. v. Henderson (In re Evans) (Evans I), Adv. No. 10-00040-NPO, 2011 WL 4712176 (Bankr. S.D. Miss. Oct. 7, 2011).[4] The Court addressed this distinction in Opinion I.

### C. Relief Requested in the Title Cos. Response

The Title Companies ask the Court to amend a related but separate decision, Opinion V, by awarding them partial summary judgment on FSB's claim for breach of good faith and fair dealing. This renewed request for partial summary judgment was raised for the first time in the Title Cos. Response, and, therefore, is not properly before the Court. Cf. Cutrera v. Bd. of Supervisors of La. State Univ., 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the Court."). Even absent the procedural issue, the Court notes that the matters raised by the Title Companies were fully argued by them and decided by this Court in Opinion V.

### Conclusion

The Court concludes that FSB has not pointed to any controlling law or facts that were overlooked in the Opinion and, furthermore, finds that mere disagreement with the Court does not supply sufficient grounds for reconsideration of Opinion V. Neither party has shown that relief under Rule 59(e), or under the less-exacting standards of Rule 54(b), is justified. Accordingly, the

---

[4] According to FSB, "Evans I is an opinion certainly to be cited and relied upon by Courts throughout the nation for years to come following the recent nationwide unprecedented collapse of real estate prices in the U.S." (Adv. Dkt. 398 at 2). The Court appreciates FSB's astute analysis of its opinion in Evans I.

relief requested by both FSB and the Title Companies is denied for the reasons set forth herein.

SO ORDERED.

/s/ Neil P. Olack

Neil P. Olack
United States Bankruptcy Judge
Dated: February 6, 2012